## Gillespie v. Gillespie

*Smith, Best & Horn, Loughran & Loughran,* for plaintiff.

*Myron W. Lamproplos,* for defendant.

KEIM, J., April 13, 1965.—This matter comes before the court en banc on objections of Philip H. Gillespie to certain written interrogatories filed by counsel for Mary Elizabeth W. Gillespie.

The parties to this action were heretofore divorced and entered into a court-approved written agreement, part of which provided for the father, Philip H. Gillespie, to pay the total sum of $1,950 per year for the support and education of each of his two boys. This order was approved by the court and was made without prejudice to apply for an increase or decrease based upon changed circumstances, or to provide for further education and support of the children. The pending objection stems from the fact that Mrs. Gillespie has petitioned this court for an increase in support to send her older son, Knox Gillespie to Cardigan Mountain School in New Hampshire. The propriety of this increase is presently pending before this court, and the written interrogatories submitted in behalf of Mrs. Gillespie were directed to Norman C. Wakely, Headmaster at Cardigan Mountain School. The objections to these written interrogatories were presented in behalf of Philip H. Gillespie on the basis that this court lacks jurisdiction and that the proposed questions are impertinent, incompetent, irrelevant and inadmissible. The reason presented for the objection to jurisdiction is that even though there are cases establishing the father's duty to send a child to college, "there are no cases which require a father to send a child to a fash-

ionable grade school or pre-preparatory school as contended by the petitioner."

This court has jurisdiction to provide a support order in this case for the support and maintenance of the child during his tenure in elementary school and this court has jurisdiction to provide support for the child's tenure in college. It, therefore, seems reasonable and logical that this court has jurisdiction to provide for means of paying the child's attendance at the pre-preparatory school. It is admitted that the duty of a father to send a child to a preparatory school does not exist in all cases, and the court does not intend, at this time, to make any determination relative to the propriety of the petitioner's request for additional funds to send one of the children to pre-preparatory school. For these reasons, we find the objection to jurisdiction invalid.

The precedent which establishes that a father, in some cases, may be required to send his child to college indicates that one of the conditions for such a directive is that the child be able and willing to successfully pursue his course of study. This court feels that this is of the utmost importance, since it would be unjust to require a parent to send a child to college or to any other school where the child was incapable of successfully pursuing and concluding his studies. It is the opinion of this court that the questions directed to the headmaster are relevant to the determination of this important question. The trial judge can at the time of the hearing carefully weigh the answer of the headmaster and take into consideration that he would more than likely give a favorable report and recommendation of his school. All of these factors may be considered in determining the propriety and the relevancy of the answer to the interrogatories herein in question.

For the sake of determining the propriety of the written interrogatories, this court feels that they are

relevant and material to the basic determinations to be made at the time of hearing.

For these reasons, the objections to the interrogatories on the basis that the interrogatories are impertinent, incompetent, irrelevant and inadmissible at the time of the trial are hereby dismissed. The final admissibility of these interrogatories and their answers will be determined at the time of the final hearing.

ORDER

And now, April 13, 1965, after due and careful consideration of the objections to written interrogatories and the briefs submitted, it is ordered and decreed that the objections to the written interrogatories are dismissed and respondent is hereby directed to answer the written interrogatories within 30 days of the date of this opinion.

AMENDED ORDER

And now, June 9, 1965, the order of April 13, 1965, at the above number and term, is hereby amended to read as follows:

"After due and careful consideration of the objections to written interrogatories and the briefs submitted, it is ordered and decreed that the objections to the written interrogatories are dismissed and the said Norman C. Wakely, Headmaster of Cardigan Mountain School is directed to answer the written interrogatories within 30 days of the date of this amended order."

Concurring: Sculco and Rial, JJ.